UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,   Case No. 15-cr-117-pp

    Plaintiff,

v.

WALTON L. WILLIAMS,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION, MODIFYING SUPERVISION PURSUANT TO TITLE 18 SECTION 3583 OF THE UNITED STATES CODES: RELATED RULE 32.1 ALLOWING TERMINATION (DKT. NO. 815)**

---

The court sentenced the defendant on April 13, 2017. Dkt. Nos. 625, 626. The court imposed a sentence of three years of probation—no prison time. Dkt. No. 626. At the time of sentencing, the court was well aware of the defendant's addiction problem. He managed to stay clean for about six months, before testing positive in October 2017 for some sort of opioid and cocaine. Dkt. No. 770. The court held a hearing on December 12, 2017, and revoked his probation. Dkt. No. 788. The court sentenced the defendant to one day in custody, followed by one year of supervised release. As a condition of the supervised release, the court ordered the defendant to serve ten weekends of intermittent confinement. It also ordered that he could not commit any federal, state or local crimes while on release. Dkt. No. 791.

The court imposed that sentence on December 12, 2017. It took less than a month for the defendant to be charged in Milwaukee County Circuit

1

Court with possession with intent to deliver and maintaining a drug house. Dkt. No. 792. The court issued a warrant for the defendant, and he appeared before Judge Duffin on January 16, 2018; Judge Duffin ordered him detained pending the revocation hearing. Dkt. No. 794. At that hearing, Judge Duffin indicated that the parties were to contact this court once the state prosecution was concluded, so that this court could schedule a revocation hearing. Id.

The defendant had counsel at that hearing. Three days later, an experienced federal lawyer, Rick Kaiser, made his appearance on behalf of the defendant. Dkt. No. 797. So—the defendant has had a lawyer for the federal case since January 19, 2018.

On May 9, 2018, however, the court received the current motion from the defendant—not from his lawyer, but from the defendant directly. Dkt. No. 815. In this motion, the defendant asserts that his state case may take years. He proposes that he just stipulate to a "Class C Rule violation, without a hearing," and that the court terminate his supervised release "with the service of 120 days, via a Nunc Pro Tunc, Order, allowing termination of supervision on or about May 16th, 2018, via the service of My Sentence from Detention date of January 16, 2018." Id.

The court will deny this motion. First, the defendant has a lawyer. If he wants the court to take some action in his federal case, he should contact his federal lawyer—Richard L. Kaiser, Law Offices of Richard L. Kaiser, P.O. Box 157, South Milwaukee, WI 53172-0157, (414) 762-5233—and ask for Attorney Kaiser's advice and assistance. Second, the defendant is alleged to have

committed a state felony. That is not a Grade C violation. That is a Grade B violation. A Grade B violation in criminal history category II (the defendant's criminal history category) results in an advisory sentencing guideline range of six to twelve months. The court does not know, at this point, what sentence it might impose if the defendant is revoked in this case. But the 120-day resolution the defendant proposes is *below* the advisory sentencing guideline range. Third, the defendant cites to Fed. R. Crim. P. 32.1, and mentions "modification" of his supervised release, as well as "termination" of his supervised release. In order for the court to impose any sentence—including the below-guidelines 120 days the defendant seeks—the court would have to *revoke* the defendant's supervised release, not modify it. The court certainly would not *terminate* the defendant's supervised release. He has served barely five months of the one-year sentence the court imposed, and managed to violate his conditions less than a month after sentencing. Early termination of supervised release is reserved for unusual situations where a defendant goes above and beyond in complying with the conditions of release. It is not a reward for people who violate their release.

    The court strongly encourages the defendant to contact his lawyer.

    The court **ORDERS** that the defendant's Motion for Termination,

Modifying Supervision Pursuant to Title 18 Section 3583 of the United States Codes: Related Rule 32.1 Allowing Termination is **DENIED**.

Dated in Milwaukee, Wisconsin this 11th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**